## SHOEMAKER v BARBERTON
### (City)

Ohio Appeals, 9th Dist.,
Summit Co.

No. 3269. Decided April 30, 1940.

O. D. Everhard, Barberton, and H. P. Henley, Barberton, for appellee.

Harold J. Eckroate, City Solicitor, Barberton, for appellant.

## OPINION

By STEVENS, J.

Plaintiff's action against the city of Barberton sought the recovery of damages for personal injuries alleged to have been sustained by her from a fall upon a sidewalk, claimed to be defective, in the city of Barberton. The amended petition grounded the action upon a violation of §3714 GC.

Trial to a jury resulted in a ver-

dict and judgment for plaintiff in the sum of $5,000. From that judgment, appeal on questions of law has been taken to this court.

Four errors are assigned by appellant:

1. Error in the admission of evidence offered by defendant.

2. Error in the refusal of the trial court to direct a verdict for defendant on the ground that plaintiff was guilty of contributory negligence.

3. Error in the charge of the court.

4. That the verdict was excessive.

The first error assigned complains of the admission of evidence offered by plaintiff tending to show that shortly after the injury to plaintiff the city repaired the condition in the sidewalk which it was claimed caused plaintiff to fall. This evidence was admitted over the objection of defendant.

17 O. Jur., Evidence, § 162, states:

"'* * * it is now well settled that alterations in or repairs to appliances, equipment, machinery, or the condition of the premises, made after an accident, as a precaution against future accidents, are not admissible in evidence, either as an admission of prior negligence and, therefore, of responsibility for the accident, as tending to prove the defendant's negligence. or to show knowledge that defects existed." (See cases cited thereunder.)

It was error for the ▉▉▉▉▉▉ ▉ trial court to admit the evidence in question.

Our reading of the record persuades us that, whether or not the plaintiff was guilty of contributory negligence, or more ▉▉▉▉▉▉ ▉ properly whether plaintiff's injury was proximately caused wholly or in part by plaintiff's negligence, was a question properly submissible to the jury, and that the trial court did not err in denying defendant's motion for a directed verdict in its favor.

It is next urged that the trial court erred in giving the following charge on "nuisance".

"The word 'nuisance' is taken from that French word ('nuire'), meaning to do hurt or annoy, and it does not rest upon the degree of care used, but upon the injury done irrespective of the care exercised."

That statement is taken almost verbatim from an opinion written by Chief Justice Weygandt in the case of **Seldon v City of Cuyahoga Falls, 132 Oh St 223**, at p. 226, and it is of interest to note that, despite the fact that the condition there shown to exist fell squarely within the definition of "nuisance" as announced by the Chief Justice, the court determined as a matter of law that a nuisance did not exist.

It is asserted that the charge as given makes the city an insurer of the safety of pedestrians, and that thereunder only the fact of injury would have to be shown to entitle plaintiff to a recovery.

The charge would be correct in the instant case if the condition of the sidewalk in question could be said to have constituted a nuisance per se or at law. Such a nuisance has been defined as "an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." 46 C. J., Nuisances, § 5.

Certainly the condition of the sidewalk under consideration could

not be said to fall within the definition of a nuisance per se.

Perhaps it might come within the definition of nuisance in fact or per accidents. Such nuisances are defined as "those which become nuisances by reason of circumstances and surroundings." Ibid.

If "circumstances and surroundings" are to be taken into consideration in determining whether or not a certain condition constitutes a nuisance in fact, what are some of those "circumstances and surroundings"?

Where a static condition in a street causes injury because a person comes into contact therewith, must we not consider what precautions were taken, or should have been taken, so as to obviate the injury, by those charged by law with maintaining the street "free from nuisance"?

And if so, must we not consider what guards or warnings were present, to prevent the injury? And, if absent, whether the council exercised due care in permitting such condition to exist without guards or warning signs, after notice, either actual or constructive, of its presence in the location in question?

All of these queries have to do with the question of the exercise of care by those charged by law with the performance of a duty.

If the exercise of the requisite degree of care could, under certain circumstances, relieve the municipality from liability to the injured person, can we then say that a nuisance in fact is dependent only upon the injury done, irrespective of the care used?

We think not, in so far as the definition pertains to nuisances in fact.

One of the circumstances to be taken into consideration in determining whether or not a nuisance in fact exists, is the ██ care reasonably required and that actually used, to prevent injury to persons coming into contact with the condition.

If guards, warning signs and red lanterns are placed around a dangerous condition in a street, and one is injured despite the precautions taken, it is extremely improbable that either court or jury would determine that the condition existing, under the circumstances there present, constituted a nuisance.

However, the same condition in the street without guards, warning signs and red lights might readily be found to constitute a nuisance.

Hence, care used to prevent injury is a factor to be considered in determining whether a static dangerous condition in a street constitutes a nuisance. The charge complained of was erroneous as applied to a nuisance in fact.

It is our opinion that the charge, as applied to the situation under consideration, could not have done other than mislead the jury as to the proof necessary to entitle plaintiff to a recovery.

We are unanimously of the opinion that the verdict, as to amount, is manifestly against the weight of the evidence.

For the errors indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

WASHBURN, PJ., & DOYLE J., concur.